IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Johnny Lee Paden, Jr., )
 )
      Petitioner, )
 ) Civil Action No. 6:19-cv-2847-TMC
v. )
 ) **ORDER**
Warden Perry Correctional Institution, )
 )
      Respondent. )
_____)

Petitioner Johnny Lee Paden, Jr., a state prisoner proceeding *pro se*, filed this action pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. On December 2, 2019, the magistrate judge issued a Report and Recommendation (the "Report"), recommending that this § 2254 petition be summarily dismissed as successive, without requiring a return from the Respondent. (ECF No. 18 at 1, 4–5). Subsequently, Petitioner filed objections, (ECF No. 24), as well as "supplemental" grounds for habeas relief, (ECF No. 30).

**I. Background**

Petitioner is a state prisoner who was convicted of murder and is serving a life sentence without the possibility of parole. (ECF Nos. 1 at 2; 18 at 1). Petitioner's conviction was affirmed on direct appeal by the South Carolina Court of Appeals.

*South Carolina v. Paden*, C/A No. 2010-UP-087, 2010 WL 10079058 (S.C. Ct. App. Feb. 3, 2010).

The magistrate judge took judicial notice of Petitioner's attempts to obtain collateral relief. (ECF No. 18 at 1–2). Petitioner first sought post-conviction relief ("PCR") in South Carolina state court. (ECF Nos. 1 at 3; 18 at 1–2). On July 27, 2011, the Greenville County Court of Common Pleas denied Petitioner's PCR application on the merits. (ECF No. 18 at 1–2). On October 7, 2013, the South Carolina Court of Appeals denied Petitioner's appeal of the PCR denial. *Paden v. South Carolina*, C/A No. 2011-196601 (S.C. Ct. App. Oct. 7, 2013).

Following the denial of his PCR appeal, Petitioner filed his first petition for relief pursuant to 28 U.S.C. § 2254. *Paden v. Cartledge*, C/A No. 6:14-cv-03335-TMC (D.S.C.). On August 31, 2015, this court denied the § 2254 petition on the merits. *See Paden v. Cartledge*, C/A No. 6:14-cv-03335-TMC, 2015 WL 5098218 (D.S.C. Aug. 31, 2015). The Fourth Circuit Court of Appeals dismissed Petitioner's appeal, *see Paden v. Cartledge*, 635 F. App'x 113 (4th Cir. 2016), and the United States Supreme Court denied Petitioner's petition for certiorari review. *See Paden v. Cartledge*, 137 S. Ct. 170 (2016).

Petitioner then moved in the Greenville County Court of General Sessions for DNA testing pursuant to S.C. Code §§ 17-28-50; 17-28-90. (ECF No. 18 at 2). The state court denied Petitioner's motion, *see id.*, and the South Carolina Court of

Appeals dismissed Petitioner's subsequent appeal. *See Paden v. South Carolina*, C/A No. 2019-000993 (S.C. Ct. App. June 20, 2019).

On October 7, 2019, Petitioner filed the instant petition pursuant to § 2254, challenging the same murder conviction he challenged in his prior § 2254 petition. (ECF No. 1 at 1). Petitioner raises four grounds for relief. First, Petitioner contends that the denial of post-conviction DNA testing of evidence never disclosed to him prevented him from proving his actual innocence, in violation of the Fifth Amendment. *Id*. at 5–7. Second, Petitioner argues that his habeas counsel was ineffective during proceedings on his first § 2254 petition. *Id*. at 7–8. Third, Petitioner claims that the State refused to conduct further DNA testing because of his race, in violation of the Fourth Amendment. *Id*. at 8–10. Fourth, Petitioner contends that because of his race, the State denied DNA testing and precluded him from establishing his actual innocence, in violation of the Fourth, Fourteenth, and Fifteenth Amendments. *Id*. at 10–11.

In his Report, the magistrate judge determined that the instant petition is successive in nature because Petitioner's initial habeas petition was denied on the merits on August 31, 2015. (ECF No. 18 at 4). *See Paden v. Cartledge*, 2015 WL 5098218. Furthermore, the magistrate judge concluded that Petitioner's "challenge to the state court's denial of his application for forensic DNA testing (rather than the denial of post conviction relief) does not circumvent the successive nature of this

3

petition because the instant matter still (in essence) challenges the conviction that was the subject of his prior § 2254 petition." (ECF No. 18 at 4). Therefore, the magistrate judge determined that Petitioner was required to obtain authorization from the Fourth Circuit Court of Appeals before filing the instant petition. *Id*. Since Petitioner has not done so, the magistrate judge recommended that the court dismiss this petition without prejudice and without requiring Respondent to file a return. *Id.* at 4–5.

## II. Analysis

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific

objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In his objections to the Report (ECF No. 24), Petitioner challenges the conclusion that this § 2254 petition is successive, arguing that the initial petition was "denied on the merits of procedural bars." *Id*. at 1. Instead, Petitioner argues, the instant petition is based on potential new evidence available through testing procedures that were not in existence at the time of Petitioner's conviction. *Id*. Therefore, Petitioner claims that the instant petition comes within the exception set forth in § 2244(b)(2). *Id*. Petitioner also amplifies his claim that his habeas counsel provided ineffective assistance, complaining that counsel failed to raise an actual innocence claim and failed to sufficiently explain the habeas process. *Id*. at 2.

After filing his objections to the Report, Petitioner filed a supplement to the instant habeas petition, raising new grounds based on "newly discovered errors, or newly developed errors." (ECF No. 30 at 1). Plaintiff then challenges the sufficiency of the evidence and the trial court's jury instructions, and he raises an ineffective assistance claim as to trial counsel. *See id*. at 1–6.

The court rejects these arguments and objection as they do not undermine the core of the magistrate judge's conclusion that the Fourth Circuit Court of Appeals, not this court, is the proper tribunal to authorize the filing of this petition. (ECF No. 18 at 4). This court denied Petitioner's first § 2254 petition on the merits.

5

*See Paden*, 2015 WL 5098218. Even if, as Petitioner claims, he can make the substantial showing required under § 2244(b)(2) to bring a claim based on new evidence, Petitioner must nevertheless first obtain authorization from the Fourth Circuit pursuant to § 2244(b)(3)(A). *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) ("[B]efore the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions."). Without such authorization, this court lacks jurisdiction over a successive § 2254 petition. *See Richardson v. Thomas*, 930 F.3d 587, 594 (4th Cir. 2019), *cert. denied*, No. 19-7222, 2020 WL 1325915 (U.S. Mar. 23, 2020).

### III. Conclusion

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 18) and incorporates it herein. Accordingly, Petitioner's successive § 2254 petition (ECF Nos. 1; 30) is **DISMISSED** without prejudice for lack of jurisdiction and without requiring Respondent to file a return.

Finally, a certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by

6

the district court are also debatable or wrong.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

    **IT IS SO ORDERED**.

                                          s/Timothy M. Cain
                                          United States District Judge

Anderson, South Carolina
March 25, 2020